## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Beyer LLC d/b/a Beyer Projects,<br><br>                    Plaintiff,<br><br>          v.<br>Annamarie Baldessari, as trustee of the John<br>Baldessari Trust-1991 (as restated and<br>amended); and Antonio Baldessari, as trustee<br>of the John Baldessari Trust-1991 (as<br>restated and amended),<br>                    Defendants. | Case No.: 1:23-cv-03819-VSB |

### CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Confidentiality Agreement and Order (the "Order") shall govern disclosure and use by the parties of all documents produced in the course of discovery, including initial disclosures, all responses to discovery requests and requests for admission, interrogatory answers, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom in the above-referenced action (the "Action").

1.  When used in this Order, the term:

    a.  "Confidential Information" shall mean all documents and testimony, and all information contained therein, containing:

        i.   trade secrets or other confidential research, development, financial, proprietary, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G);

        ii.  personal identification information or information protected by rights of privacy; or

        iii. confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

    b.  The designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall mean the so-designated document or testimony contains proprietary, sensitive commercial information or trade secret information that should be protected

from disclosure to a competitor or contains highly sensitive personal information subject to rights of privacy.

c. "Disclosing Party" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

d. "Discovery Material" shall refer to all items or information that are produced or generated in disclosures or responses to discovery or requests for admission in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

e. "Document" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents and information contained therein or derived therefrom.

f. "Information" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

g. "Receiving Party" shall refer to any party to this Action and any non-party that receives Confidential Information.

2. <u>Form and Timing of Designation</u>.  A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation. A Disclosing Party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on each page deemed Confidential in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as Confidential in writing at the time it is delivered to the Receiving Party. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or

disclosure of the documents. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Furthermore, in accordance with the provisions of this Order, such designations require the parties to maintain the confidentiality of documents designated by a third-party in the same manner that they would be maintained if they were so designated by a party. In the event any party challenges a document designated by a third-party, the challenging party will inform the third-party.

       3.      <u>Documents Which May be Designated CONFIDENTIAL</u>.  Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, personnel records, or commercial information in accordance with the categories set forth in paragraph 1.a. above.  The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

       4.      <u>Documents Which May be Designated CONFIDENTIAL – ATTORNEY'S EYES ONLY</u>. Any party may designate documents as CONFIDENTIAL – ATTORNEY'S EYES ONLY but only after review of the documents by an attorney who has in good faith determined that the documents contain proprietary, sensitive commercial information or trade secret information that should be protected from disclosure to a competitor or contain highly sensitive personal information subject to rights of privacy. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of The Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL – ATTORNEY'S EYES ONLY. Furthermore, in accordance with the provisions of this Order, such designations require the parties to maintain the confidentiality of documents designated by a third-party in the same manner that they would be maintained if they were so designated by a party. In the event any party challenges a document designated by a third-party, the challenging party will inform the third-party.

       5.      <u>Depositions</u>.  A Disclosing Party may designate as Confidential any portion of a transcript from a deposition or other pretrial or trial proceedings deemed to contain such Confidential Information. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information

("Confidential Testimony") either orally at the deposition or in writing no later than twenty-one (21) calendar days after receipt from the court reporter of the final deposition transcript. During such 21-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY," as applicable, on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. Thereafter, those portions so designated shall be protected as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, as applicable, pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation made on the record of the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY".

6.  <u>Protection of Confidential Material</u>.

a.  <u>General Protections</u>.  Documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY under this Order shall not be used or disclosed by counsel for the parties or any other persons identified in ¶ 7.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof.

b.  <u>Limited Third-Party Disclosures</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents to any person or entity except as set forth in subparagraphs 1-10.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY:

1.  <u>Counsel</u>.  Counsel of record for the parties in this Action, and employees of counsel who have responsibility for the preparation and trial of the Action.

2.  <u>Named Parties</u>.  Any officer, director, managing agent, or other person who is designated to testify on behalf of a party pursuant to Federal Rule

of Civil Procedure 30(b)(6) and any other employee of a party who has responsibility for the preparation and trial of the action on behalf of that party, except that these designated individuals will not be permitted to review documents designated CONFIDENTIAL – ATTORNEY'S EYES ONLY.

3.      Individuals Identified in the Document. Any individual who received or sent an email or memorandum or authored a document that has been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, or who otherwise possessed or knew the information prior to disclosure in the Action.

4.      Court Reporters and Recorders.  Court reporters and recorders engaged for depositions, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action.

5.      Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including database service providers, document management firms, trial support firms, and litigation support services engaged by the parties during this Action, but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

6.      Consultants and Experts.  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7.      The Court, and any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors.

8.      Witnesses. During their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound (although such individuals shall not be permitted to retain any copies), except that these designated individuals will

not be permitted to review documents designated CONFIDENTIAL –
ATTORNEY'S EYES ONLY.

        9.     <u>Any mediator or arbitrator</u> engaged by the named parties in
connection with this Action.

        10.    <u>Others by Consent</u>.  Other persons only by written consent of the
Disclosing Party or upon order of the Court and on such conditions as may be
agreed or ordered.  All such persons shall execute the certification contained in
Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

        c.     <u>Control of Documents</u>.  Counsel for the parties shall make reasonable
efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL
or CONFIDENTIAL – ATTORNEY'S EYES ONLY pursuant to the terms of this Order.
Counsel shall maintain the originals of the forms signed by persons acknowledging their
obligations under this Order for a period of six years from the date of signing.

        d.     <u>Copies</u>.  Prior to production to another party, all copies, electronic images,
duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as
"copies") of documents designated as CONFIDENTIAL or CONFIDENTIAL –
ATTORNEY'S EYES ONLY under this Order, or any individual portion of such a
document, shall be affixed with the designation CONFIDENTIAL or CONFIDENTIAL –
ATTORNEY'S EYES ONLY if the word does not already appear on the copy.  All such
copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall
not include indices, electronic databases or lists of documents provided these indices,
electronic databases or lists do not contain substantial portions or images of the text of
confidential documents or otherwise disclose the substance of the Confidential
Information contained in those documents.

        7.    <u>Filing CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY
Documents With the Court</u>.  In the event that a party seeks to file, or reference in any filing, a
document designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY
under this Order, the filing party must comply all local and chamber rules regarding the filing of
confidential documents.

        8.    <u>No Greater Protection of Specific Documents</u>.  No party may withhold
information from discovery on the ground that it requires protection greater than that afforded by
this Order unless the party moves for an order providing such special protection.

9.    <u>Challenges by a Party to Designation as Confidential</u>.  Any CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation is subject to challenge by any party. The following procedure shall apply to any such challenge.

a.    <u>Objection to Confidentiality</u>.  Within thirty (30) days of the receipt of any document designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Documents marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY to which an objection has been made shall remain CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY until designated otherwise by waiver, agreement or order of the Court.

b.    <u>Obligation to Meet and Confer</u>.  The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

c.    <u>Obligation to File Motion</u>.  If the parties cannot reach agreement as to any documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, for the purpose of discovery, the objecting party shall file with the court within thirty (30) days of the service of the objection a motion to remove the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation.  The Disclosing Party designating the document or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY party has the burden to show good cause for the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation. The failure to file the motion waives the objection to the CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation of challenged documents.

10.    <u>Court Not Bound By Parties' Designation</u>.  Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the

disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

11.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Order.

12.     Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information.

13.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed the other party's Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

14.     Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party within thirty (30) days of disclosure. The Disclosing Party must notify the Receiving Party immediately after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation.

15.     When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

16.     Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the court must comply with the Court's rules. If only portions of a document contain Confidential Information, the party

filing the document shall submit to the court a redacted copy of the same, in accordance with the Court's rules.

17.     Any non-party producing Confidential Information in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The Requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate information produced by other parties or non-parties as Confidential or CONFIDENTIAL – ATTORNEY'S EYES ONLY by giving all parties in the Action and the non-party producing such documents notice of the designation within thirty (30) days of the production by the non-party consistent with the terms and provisions of this Order.

18.     In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

19.     <u>Use of Confidential Documents or Information at Hearing or Trial</u>.  This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial. In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

20.    <u>Obligations on Conclusion of Litigation.</u>

a.    <u>Order Remains in Effect.</u>  Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal.  Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

b.    <u>Return of CONFIDENTIAL and CONFIDENTIAL – ATTORNEY'S EYES ONLY Documents.</u>  Within forty-five (45) days after dismissal or entry of final judgment not subject to further appeal, the Receiving Party shall return to the Disclosing Party all documents treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY under this Order, including copies as defined in ¶ 7.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Disclosing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents.  This work product shall continue to be CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents or information.

c.    <u>Deletion of Documents Filed under Seal from ECF System.</u>  Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

21.    <u>Order Subject to Modification.</u>  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

22.     <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

23.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

24.     The parties agree that a designation of information as Confidential or CONFIDENTIAL – ATTORNEY'S EYES ONLY is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

25.     <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

Dated: August 28, 2023
New York, NY

Respectfully submitted,

Alex V. Chachkes
SETTY CHACHKES PLLC
228 Park Avenue South, Suite 54517
New York, NY 10003
alex@sechalaw.com

Steven R. Schindler
Jenny Chenying Gu
SCHINDLER COHEN & HOCHMAN
100 Wall Street
New York, NY 10005
212-2776300
Email: SSchindler@SCHlaw.com
Email: jgu@schlaw.com

Attorneys for Plaintiff Beyer LLC

Dated:  August 28, 2023
New York, NY

Respectfully submitted,

Dean R. Nicyper
Jordan Garman
Wendy Dickieson
WITHERS BERGMAN LLP
430 Park Avenue
New York, NY 10022
(212) 848-9800
dean.nicyper@withersworldwide.com

Attorneys for Defendants Annamarie
Baldessari, as trustee of the John Baldessari
Trust-1991 (as restated and amended); and
Antonio Baldessari, as trustee of the John
Baldessari Trust-1991 (as restated and
amended)

So Ordered,

Dated: _August 29, 2023_

Judge Vernon S. Broderick

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| Beyer LLC d/b/a Beyer Projects, |
| |
| Plaintiff, |
| |
| v. |
| Annamarie Baldessari, as trustee of the John Baldessari Trust-1991 (as restated and amended); and Antonio Baldessari, as trustee of the John Baldessari Trust-1991 (as restated and amended), |
| Defendants. |

Civil Action No. 23-3819

Jury Trial Requested

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, hereby certify my understanding that material is being provided to me pursuant to the provisions, conditions, and restrictions of the Confidentiality Order dated August ___, 2023 in the case captioned *Beyer LLC d/b/a Beyer Projects v. Baldessari et al.,* No. 23-cv-3819 (S.D.N.Y.) and that I have been given a copy of the Confidentiality Order and agree to be bound by its provisions. I understand and agree that documents and information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY I may be shown or provided, including copies thereof and any notes and transcriptions made therefrom and information contained therein, are to be used only for the purposes permitted by the Confidentiality Order. I also understand and agree that all material I am shown shall be returned or destroyed in the manner provided in the Confidentiality Order. I agree to resolve all disputes regarding the provisions, conditions, or restrictions of the Confidentiality Order according to the provisions thereof. I further agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Order. I understand that disclosure of information designated "Confidential" in violation of the Confidentiality Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

_____
Name
_____
Address

1