UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BEYER LLC,

                                    Plaintiff,                            23-CV-03819 (LTS)(SN)

     -against-                                               **ORDER**

ANNAMARIE BALDESSARI, et al.,

                                   Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff and Defendants filed separate letter briefs raising various discovery disputes. Plaintiff asks the Court to compel Defendants to: (1) produce documents related to John Baldessari's business venture JAB Art Enterprises ("JAB"); (2) permit the Court's *in camera* review of "over-redacted" documents; and (3) produce the "the document establishing the Trust's rights to the subject matter of this suit." ECF No. 63. In their letter, Defendants seek a protective order to relieve them of the obligation to respond to Plaintiff's Second Set of Interrogatories. ECF No. 66.

**I.     Plaintiff's Requests for Relief**

       First, Plaintiff asks the Court to compel production of JAB's documents. Defendants have agreed to produce documents held by JAB and to stipulate that such documents are "within the possession, custody, or control" of the Trust. Accordingly, Defendants do not appear to object to Plaintiff's request. To the extent that Defendants have not already produced the JAB documents, they shall produce such documents by February 5, 2024. Additionally, Plaintiff writes that "the Trust will not be able to avoid disclosing its full knowledge when responding to interrogatories

and requests for admission." ECF No. 63. Plaintiff, however, does not identify any specific interrogatories and does not request permission to serve additional interrogatories. Accordingly, any interrogatory-related request is not ripe.

Second, Plaintiff asks for the Court's *in camera* review of documents Defendants identified as privileged. Plaintiff alleges that, based on a privilege log, Defendants have invoked the attorney-client privilege to justify redactions of communications "that do not involve a lawyer." ECF No. 63. In response, Defendants filed a revised privilege log, explaining that the original log "inadvertently did not make clear that the documents in fact specifically contain communications between attorneys and their clients." ECF No. 70. To the extent that disputes remain, Plaintiff shall identify a sample of ten documents from the privilege log for the Court to review *in camera*. Plaintiff shall identify those documents by February 2, 2024, and Defendants shall email them to the Court, *ex parte*, by February 5, 2024. If Defendants are redacting only limited portions of any communication on privilege grounds, they shall highlight the redacted section.

Third, Plaintiff asks the Court to compel Defendants to produce an unredacted version of Exhibit 6, a document defining the nature and scope of the Trust. ECF No. 63. In objecting to this request, Defendants invoke Section 18100.5 of the California Probate Code, under which a "trustee may present a certification of trust to any person in lieu of providing a copy of the trust instrument to establish the existence or terms of the trust. Cal. Prob. Code § 18100.5(a). But the statute also provides that:

> A person whose interest is, or may be, affected by the certification of trust may require that the trustee offering or recording the certification of trust provide copies of those excerpts from the original trust documents, any amendments thereto, and any other documents which designate, evidence, or pertain to the succession of the trustee or confer upon the trustee the power to act in the pending transaction, or both.

Cal. Prob. Code § 18100.5(e). Because Plaintiff's interests may be affected by the Trust, this provision applies, and Defendant is not immune from producing original trust documents. Additionally, any privacy concerns underpinning Section 18100.5 are mediated by the protective order. Accordingly, by February 5, 2024, Defendants shall produce any section of Exhibit 6 relating to John Baldessari's art, the nature and scope of the Trust, the terms of the Trust, the property held in the Trust, or "how the property and contracts at issue in this case passed to the Trust." ECF No. 63. If the parties continue to dispute whether Defendants have produced sufficient excerpts, the Court may request an *in camera* review of the entire document.

**II.   Defendants' Requests for Relief**

Defendants object to Plaintiff's Second Set of Interrogatories, characterizing them as duplicative of requests for production and/or Rule 30(b)(6) notice topics. But Plaintiff explains that it served the Second Set of Interrogatories because Defendants informed Plaintiff that it would provide a Rule 30(b)(6) witness to testify only "generally" because "the information sought is best exchanged through written discovery and documents." ECF No. 69. As a compromise, Plaintiff proposed that, in lieu of the requested testimony, Defendants respond to the Second Set of Interrogatories. Plaintiff argues that Defendant's objection to specific testimony was improper, and the Court agrees. Accordingly, Defendants are ordered to comply with its Rule 30(b)(6) obligations and prepare a witness on all notice topics. If after that deposition, it appears Defendants did not properly prepare the witness, Plaintiff may move to compel responses to the Second Set of Interrogatories and any other appropriate relief.

## CONCLUSION

By February 5, 2024, Defendants shall produce any outstanding JAB documents and the relevant unredacted sections of Exhibit 6. Additionally, by February 2, 2024, Plaintiff shall

identify ten documents for *in camera* review, and Defendants shall produce those documents to the Court by February 5, 2024. Finally, Defendants shall prepare a witness on all Rule 30(b)(6) notice topics.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 63 and 66.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 30, 2024
         New York, New York