UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BEYER LLC,

                              **Plaintiff,**                      23-CV-03819 (LTS)(SN)

        -against-                                            <u>ORDER</u>

ANNAMARIE BALDESSARI, et al.,

                              **Defendants.**

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        The Court requests additional briefing on the attorney-client privilege issue raised by Plaintiff. For background, Plaintiff expressed skepticism about Defendants' claim that the attorney-client privilege applies to certain documents identified by Defendants in a privilege log. ECF No. 63. Pursuant to the Court's order, Defendants submitted ten of those documents for the Court's *in camera* review. ECF No. 71. Along with the documents, Defendants also submitted an *ex parte* letter and a declaration from Annamarie Baldessari. The letter and declaration provide context to aid the Court's understanding of the ten allegedly privileged documents.

        The Court is unclear, however, which jurisdiction's law governs the attorney-client privilege dispute. Based on the citations in Plaintiff's letter motion at ECF No. 63 and Defendants' *ex parte* letter, both parties appear to assume that federal law applies.[1] But "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Because this case sits in diversity, state law will supply

---

[1] Defendants cite the following cases in their *ex parte* letter: <u>Viacom, Inc. v. Sumitomo Corp.</u>, 200 F.R.D. 213, 217-220 (S.D.N.Y. 2001); <u>Ross v. UKI Ltd.</u>, No. 02-cv-0297 (WHP) (JCF), 2004 WL 67221, at *5 (S.D.N.Y. Jan. 15, 2004); <u>Twentieth Century Fox Film Corp. v. Marvel Enters.</u>, No. 01-cv-3016, 2002 WL 31556383, at *2 (S.D.N.Y. Nov. 7, 2002).

the rule of decision and therefore governs the privilege issue here. See Application of American Tobacco Co., 880 F.2d 1520, 1527 (2d Cir. 1989) (noting that "in a diversity case the existence of a privilege is to be determined by reference to state law"). "When a federal district court sits in diversity, it generally applies the law of the state in which it sits, including that state's choice of law rules." Statek Corp. v. Dev. Specialists, Inc., 673 F.3d 180, 186 (2d Cir. 2012). Under New York law, the "center of gravity" or "grouping of contacts" test is "the appropriate analytical approach to choice of law questions in contract cases." Zurich Ins. Co. v. Shearson Lehman Hutton, Inc., 84 N.Y.2d 309, 317 (1994). Because this contracts case involves significant contacts with both New York and California, the Court requests briefing from both parties regarding which state's law should supply the rule of decision. The Court will then apply that state's law to resolve the pending privilege dispute.

Substantively, at issue is whether the attorney-client privilege between the Trust and its counsel extends to communications shared with employees of JAB Art Enterprises, LLC ("JAB"), Sprueth Magers Gallery ("Sprueth Magers"), and Jacqueline Silverman & Associates ("JSA").[2] Accordingly, the parties shall brief whether, under the applicable law, the attorney-client privilege extends to such communications. Defendants shall file their letter brief by Thursday, February 15, 2024. Plaintiff shall file its opposition by Tuesday, February 20, 2024.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   February 12, 2024
         New York, New York

---

[2] As represented in Defendants' letter, the Trust is a 95% owner of JAB. Sprueth Magers "was and is the Trust's exclusive art gallery agent representing the Trust in the global art market, and is charged with managing, *inter alia*, all sales and exhibitions of John Baldessari's artwork." JSA is "an art appraisal firm engaged solely to assist the Trust and its attorneys in preparing information for the Trust's tax filings."